Garnet MORSE, Appellant,

v.

Donna E. SHALALA,* Secretary of Health and Human Services of the United States, Appellee.

No. 93–1016.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided June 29, 1994.

Ordered Published July 28, 1994.

* Donna E. Shalala has been substituted for Louis    W. Sullivan pursuant to Fed.R.App.P. 43(c)(1).

John A. Bowman, Davenport, IA, argued, for appellant.

Richard L. Richards, Des Moines, IA, argued (Gene Shepherd and Christopher Hagen, on the brief), for appellee.

Before MAGILL, Circuit Judge, LAY and BRIGHT, Senior Circuit Judges.

## PER CURIAM.[1]

Garnet L. Morse appeals from the district court's order affirming the Secretary of Health and Human Services' (the Secretary) denial of Ms. Morse's application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383c (1988 & Supp. III 1991). This is her fourth application: She filed her previous applications in 1984, 1988, and 1989. Each application was denied throughout the administrative process. The claimant asserts disability since 1975, but her present claim, filed on March 14, 1990, required the Secretary to determine her disability on the basis of evidence obtained since September 25, 1989. The administrative law judge (ALJ) granted the claimant a hearing on February 27, 1991, and subsequently denied her claim. The appeals council denied a request for review. Upon petition for review, the district court found that there existed substantial evidence on the record as a whole to support the Secretary's denial of the claim. We reverse and remand to the Secretary for further administrative proceedings.

## I.

Ms. Morse was forty-eight years old at the time she filed her fourth application for SSI benefits. She has an eleventh grade education and a limited work history, having past relevant work only as a sandwich maker. Ms. Morse has an extensive history of cardiac disease, accompanied by obstructive lung disease. Her condition is further compromised by a herniated disc and a history of depression. Significantly, Ms. Morse's cardiac problems include mitral stenosis, congestive heart failure, and chronic atrial fibrillation, resulting in shortness of breath, edema, and chest pain.

## II.

■ In reviewing the ALJ's decision to deny disability benefits, we must ascertain "whether there is substantial evidence on the record as a whole to support" the Secretary's decision. *Hutsell v. Sullivan*, 892 F.2d 747, 748–49 (8th Cir.1989). This review involves more than a search of the record for evidence supporting the Secretary's findings; the substantial evidence test requires that we take into account evidence that fairly detracts from the Secretary's decision. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488–91, 71 S.Ct. 456, 464–66, 95 L.Ed. 456 (1951).

■ The ALJ found, in an opinion adopted by the Secretary, that Ms. Morse (1) was not engaged in substantial gainful activity, (2) does have severe impairments, (3) does not have an impairment or combination of impairments that meets or equals an impairment on the listing of impairments, (4) does have an impairment that prevents her from performing her past relevant work,[2] and (5) does not have an impairment that prevents her from doing any other substantial gainful work existing in significant numbers in the national economy. Ms. Morse was denied

---

1. The court's order granting rehearing by the en banc court, *see Morse v. Shalala*, 16 F.3d 865 (8th Cir.1994), was vacated pursuant to an order issued on June 16, 1994. Two earlier decisions were vacated, and remain vacated, pursuant to the en banc order and an order issued on February 14, 1994, cited at 16 F.3d 865 (8th Cir.1994).

2. Once the applicant demonstrates, under the fourth step, impairments that prevent her from returning to her previous work, the burden shifts to the Secretary to prove that jobs exist in the national economy that the applicant could perform. *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir.1991).

benefits because of the ALJ's findings on the fifth step of the sequential analysis.

■ In finding that Ms. Morse could perform significant numbers of jobs in the national economy, the ALJ relied on the testimony of a vocational expert. In order for an ALJ to rely on a vocational expert's opinion, the posed hypothetical must accurately describe a claimant's impairments. *Tennant v. Schweiker*, 682 F.2d 707, 711 (8th Cir.1982). The proper question for a court in reviewing such a finding by an ALJ is whether the information given to the vocational expert in the hypothetical was supported by substantial evidence in the record as a whole. *Andres v. Bowen*, 870 F.2d 453, 455 (8th Cir.1989).

The ALJ posed two hypotheticals to the vocational expert. The vocational expert testified in response to an initial hypothetical with limitations [3] that there are approximately 5000 positions available in Iowa and 250,000 positions available nationally. The second hypothetical assumed greater limitations.[4] The vocational expert then testified that there would be approximately 500 positions available in Iowa and 25,000 positions available nationwide.

■ We find that substantial evidence in the record as a whole does not support the ALJ's finding that Ms. Morse's allegations of constant throbbing pain in her left leg were not credible; therefore, the ALJ erred when he failed to include such pain in the hypothetical posed to the vocational expert.

An ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Polaski v. Heckler*, 739 F.2d 1320, 1322, *supplemented*, 751 F.2d 943 (8th Cir.1984), *vacated*, 476 U.S. 1167, 106 S.Ct.

2885, 90 L.Ed.2d 974 *adhered to on remand*, 804 F.2d 456 (8th Cir.1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987). Rather, an ALJ "must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work history, and observations by third parties and treating and examining physicians." *Id.*

Here, the ALJ discredited Ms. Morse's complaints of severe leg pain. App. at 38. Regarding her radiculopathy-related leg pain, the ALJ stated,

[S]he complained of only occasional lower back pain and that for the most part her left leg pain had resolved with the most recent episode of left leg pain being more than one year ago. She reported only occasional throbbing on the dorsum of her left foot and her left calf area.... She had negative straight leg raising bilaterally on physical examination.

*Id.* at 34. This rendition of the medical objective and opinion evidence was based upon a January 24, 1990 report received from the University of Iowa Hospitals and Clinics. Based largely upon this report, the ALJ discredited Ms. Morse's complaints of constant throbbing leg pain. The ALJ, although giving credence to the January 1990 report, later gives no apparent weight to subsequent evidence supporting her claim: Her treating physician hospitalized her in early November of 1990 with "[s]evere back and left leg pain due to bulging L5–S1 discs exacerbated by a recent fall with associated muscle spasm." *See id.* at 1021. The ALJ, in addition, ignored Ms. Morse's treating physician's statement on September 18, 1990 that "her lumbar disc disease ... cause[s] continuous pain even when she is resting." *Id.* at 1020. He further ignored statements in her treating physician's progress notes that, on March 29,

3. The ALJ in his first hypothetical asked the vocational expert to assume the following limitations: a maximum weight limit of 20 pounds; standing, walking or climbing no more than occasionally; no repetitive pushing or pulling; no arm work above shoulder level; no prolonged work in extremes of temperature, fumes, or high humidity; no work around unprotected heights or dangerous moving machinery; no work in an environment with a stress level over six on scale of one to ten; only occasional contact with the public; no work requiring close attention to de-

tail; and no very complex or technical work. App. at 87–88.

4. In the second hypothetical, the ALJ asked the vocational expert to assume the following limitations in addition to those previously enumerated: no repetitive bending; no stooping, climbing, kneeling or crawling; and alternating positions between standing and sitting at least every 45 minutes. App. at 89.

1990, "[s]he continues to have left leg and foot pain," *id.* at 959, and, on June 11, 1990, that "[s]he continues to have pain in the left buttock and left foot," *id.* at 960.

In light of the significant evidence supporting Ms. Morse's complaints of leg pain and the paucity of evidence supporting the ALJ's conclusion that Ms. Morse's leg-pain complaints were not credible, we find that substantial evidence in the record does not support the ALJ's omission of this impairment from the hypothetical. Hence, we remand to the Secretary for a new administrative hearing.[5]

### III.

We reverse the judgment of the district court and remand to the Secretary for a new administrative hearing to determine Ms. Morse's disability status.

It is so ordered.

---

**5.** Upon rehearing, the ALJ is cautioned to develop the record completely. *See* 20 C.F.R. § 416.-912(d) (1993) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application. . . ."). We are disturbed by the ALJ's reliance on a 1987 treadmill test for a 1991 decision on disability due to a progressive disease. *See* App. at 32. After completely developing the medical record through either the purchase of necessary medical tests, *see id.* § 416.-914, or through obtaining a consultive exam, *see id.* § 416.919a, we suggest the ALJ consider the policy embodied in Social Security Ruling 86–8 in the section entitled "Evaluating Medical Equivalence—Medical Judgment Required." *See* SSR 86–8 (Medical equivalence should be made on the basis of a medical judgment furnished by a physician designated by the Secretary).