Thomas J. FRANKL, Plaintiff-Appellant,

v.

Donna E. SHALALA, Secretary of the Department of Health and Human Services, Defendant-Appellee.

No. 94-1301.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1994.

Filed Feb. 13, 1995.

Edwin W.F. Dyer III, Bismarck, ND, argued for appellant.

Deanna R. Ertl–Lombardi, Denver, CO, argued (John T. Schneider and Lynn E. Crooks, Fargo, ND, and Ronald S. Luedemann, Deanna R. Ertl–Lombardi and Gary Fahlstedt, Denver, CO, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Thomas J. Frankl appeals the district court's grant of summary judgment to the Secretary of the Department of Health and

Human Services (Secretary), dismissing his claim for disability insurance benefits. We reverse the judgment of the district court and remand to the Secretary for further proceedings.

## I. Background

Frankl, a 52-year-old farmer with a high school education, suffers from heart disease. Frankl applied for disability insurance benefits, contending that the disease rendered him disabled as of July 30, 1990. The Social Security Administration denied his application both initially and upon reconsideration. Frankl then requested and received a hearing before an administrative law judge (ALJ).

The hearing before the ALJ was held in December 1991. The evidence showed that in 1981, following a period of five heart attacks in two days, Frankl underwent coronary artery bypass surgery. Prior to that time, Frankl had managed a 3,000-acre farm operation and several employees. After surgery, Frankl continued to operate the farm against his physician's advice. In 1986, Frankl cut back on work considerably due to his health and in July 1990, he underwent triple coronary artery bypass surgery. Frankl had not worked since his surgery in July 1990.

Medical records show that by August 7, 1990, Frankl was recovering well from the triple bypass surgery, but he continued taking some prescription medications. In September 1990, Frankl reported walking three miles a day and up to two miles at a stretch without angina. Frankl testified at the hearing that although he was able to walk for extended periods of time in September 1990, he was not able to do so at the time of the hearing. Frankl testified that he tired easily, even when sitting, and he was capable of walking only ⅛ of a mile at a stretch. He testified that his doctors advised him not to work due to his health. Frankl's daily activities consisted of driving to the elevator and the cafe for morning coffee and socializing. Frankl testified that he had a handicapped hunting permit, which he used about four times that season and that he went fishing about three times the previous summer.

Frankl also testified that he was able to mow the lawn on a riding lawn mower with power steering.

Frankl's wife testified that Frankl was very tired in the evenings after little or no physical activity throughout the day. She said that Frankl needed to rest due to pain and fatigue after walking about eight to ten minutes at a stretch. The lessee of the Frankls' farm testified that Frankl no longer works on the farm and that although Frankl does not complain of pain, he runs out of breath easily, even when walking across the yard.

A vocational expert testified that if a person with Frankl's impairments were capable of performing the full range of light work, which includes standing or walking for up to six hours a day, then a significant number of jobs exists in the national economy that such a person could perform. However, when asked to credit all of Frankl's subjective complaints (including shortness of breath, fatigue, and pain with minimal exertion), the vocational expert testified that a person with Frankl's limitations would not be capable of performing any jobs in the category of light work.

The ALJ determined that Frankl has not engaged in substantial gainful activity since July 30, 1990, and that Frankl suffers from impairments diagnosed as arteriosclerotic heart disease that prevent him from returning to his past relevant work but that do not meet or equal a listed impairment. The ALJ discounted the testimony of Frankl and his wife concerning the degree of Frankl's fatigue, the frequency of his pain, and the degree of his physical limitations, characterizing their testimony as evasive and inconsistent with Frankl's reported daily activities and the progress notes of treating physicians, which indicated he could walk two miles without stopping to rest. The ALJ credited the testimony of the lessee, but the ALJ found that this testimony was not determinative of disability. The ALJ further found that Frankl is closely approaching an advanced age (persons aged 50–54), that Frankl has no transferrable skills, and that Frankl retains the physical capability to perform light work. Therefore, the ALJ found

that Frankl was not disabled, citing Rule 202.14, Table No. 2 of Appendix 2, Subpart P, Regulation No. 4, which directs a finding of not disabled for persons of advanced age who are capable of performing the full range of light work.

Frankl appealed the decision of the ALJ and submitted to the appeals council new evidence, consisting of a work tolerance assessment performed by an occupational therapist. In the opinion of the therapist, dated September 3, 1992, Frankl's functional limitations impaired his ability to stand, sit, or walk, and thus rendered him unable to perform either sedentary or light work. Because this new evidence did not originate from a medical source, the appeals council gave it little weight and denied further review. Thus, the ALJ's decision became the final agency action.

Frankl sought judicial review in federal district court. The Secretary moved for summary judgment and the district court granted the motion, concluding that the Secretary's decision to deny benefits was supported by substantial evidence on the whole record. Frankl appeals.

## II. Discussion

Frankl contends that the district court erred because the Secretary's decision to deny benefits is not supported by substantial evidence on the whole record. Specifically, Frankl asserts that the Secretary did not meet her burden to demonstrate that he retained the capability to engage in the full range of light work, did not give proper weight to the opinions of his treating physicians, and did not adequately develop the record. We agree.

Our standard of review in social security cases is well known:

We will uphold the Secretary's final decision if it is supported by substantial evidence on the record as a whole. Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion. In assessing the substantiality of the evidence, we must consider evidence that detracts from the Secretary's decision as well as evidence that supports it. We may not, however, reverse the Secretary's decision merely because substantial evidence also would have supported an opposite decision.

*Smith v. Shalala,* 987 F.2d 1371, 1373–74 (8th Cir.1993) (internal quotations and citations omitted).

■ To establish a disability claim, the claimant bears the initial burden of proof to show that he is unable to perform his past relevant work. *Reed v. Sullivan,* 988 F.2d 812, 815 (8th Cir.1993). If met, the burden of proof then shifts to the Secretary to demonstrate that the claimant retains the physical residual functional capacity (RFC) to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education, and work experience. *Id. See also McCoy v. Schweiker,* 683 F.2d 1138, 1146–47 (8th Cir.1982) (en banc). The Secretary's "burden includes the duty to establish by medical evidence that the claimant has the requisite RFC" to perform other work. *McCoy,* 683 F.2d at 1147.

■ The ALJ found that Frankl met his initial burden of proving that he was not able to perform his past relevant work. This finding is not challenged on appeal. The dispositive question is whether the Secretary met her burden of establishing by medical evidence that Frankl retained the RFC to perform the full range of light work. "Light work" requires that a claimant be capable of standing or walking for a total of six hours out of an eight-hour work day. *See* Social Security Ruling 83–10; *Carter v. Sullivan,* 909 F.2d 1201, 1202 (8th Cir.1990). *See also Allen v. Sullivan,* 977 F.2d 385, 389 (7th Cir.1992). If nonexertional impairments exist that limit the claimant's ability to perform the full range of work in a particular category, then the ALJ cannot rely exclusively on the grids to determine disability but must consider vocational expert testimony. *See Reed,* 988 F.2d at 816.

■ The record before us presents no medical evidence of Frankl's RFC at the time of the hearing. The ALJ's conclusion that Frankl retained the RFC to perform the full range of light work, therefore, cannot be

said to be supported by substantial evidence. In reaching this conclusion, the ALJ relied on medical records from August and September 1990, which indicate that Frankl was walking two to three miles a day, and the ALJ discredited Frankl's complaints of fatigue at the hearing. When viewed as a whole, however, the medical evidence demonstrates that Frankl's condition deteriorated after September 1990, and the September 1990 progress notes' reports of extensive walking are later replaced with reports of fatigue.

The medical evidence shows that in September 1990, Frankl was walking three miles a day, up to two miles at a stretch without pain or fatigue. In October 1990, Frankl reported to doctors that he felt weak. In November 1990, he experienced arrhythmia after a treadmill exercise, although the test was negative and adequate; progress notes indicate some fatigue. In December 1990, doctors diagnosed Frankl with an enlarged heart and congestive heart failure; progress notes indicate "easy fatigue." (R. at 179.) In February, progress notes state that Frankl "[f]eels ok but still fatigued." (*Id.* at 177.) The enlarged heart condition is reported in medical records from January 1991 through September 1991. In December 1991, doctors noted occasional chest pains but a decrease in cardiac size since February 1991. Frankl experienced no chest pain in a treadmill test, but the test was stopped after eight minutes due to Frankl's fatigue. Nothing in Frankl's medical records or in the physicians' progress notes after December 1990 is inconsistent with Frankl's complaints of fatigue at the time of the hearing.

In August 1991, Frankl's two treating physicians signed identical affidavits indicating that, based upon their evaluations of "Frankl's history, ... vocational capabilities and residual capacity to perform work related functions," Frankl's medical impairment "substantially limits his physical ability to do basic work activities." (R. at 206, 209.) We agree with the district court and the ALJ that these opinions are conclusory and therefore not entitled to controlling weight,[1] yet we conclude that the opinions are entitled to some weight in this case. The treating physician's affidavits, though conclusory, are not inconsistent with the objective medical evidence in the whole record or with Frankl's complaints of fatigue at the time of the hearing. The only contrary medical records are those of September 1990, before a marked change in Frankl's condition.

The Secretary submitted agency RFC assessment forms which concluded that Frankl was capable of performing the full range of light work.[2] These forms represent agency findings of fact made at the initial administrative review process by a consulting, not an examining, physician. *See* 20 C.F.R. § 404.1527(f)(1). These agency RFC forms cannot constitute substantial evidence that Frankl was capable of performing the full range of light work at the time of the hearing (in December 1991) however because the opinions in these agency RFC assessment forms (completed in January 1991) were not based upon the full record in this case.

The Secretary presented no other medical evidence from a consulting physician to contradict Frankl's complaints of fatigue at the time of the hearing and as recorded in the medical progress notes after December 1990. "This Court has consistently held that the ALJ must fully and fairly develop the record so that a just determination of disability may be made." *McCoy,* 683 F.2d at 1147. Absent *some* medical evidence of Frankl's RFC at the time of the hearing, the Secretary could not meet her burden to demonstrate that Frankl was capable of performing the full range of light work.

---

1. A treating physician's opinion is entitled to controlling weight only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your record." 20 C.F.R. § 404.1527(d)(2). The agency is responsible for determining whether or not a claimant meets the statutory definition of disability. *See* 20 C.F.R. § 404.1527(e)(1).

2. Frankl argues that the residual functional capacity assessment forms are not evidence. To the contrary, the agency regulations indicate that although the ALJ is not bound by the findings of the medical consultants, "these findings are considered at the hearing level." 20 C.F.R. § 1527(f)(2).

Frankl's new evidence was submitted to and considered by the appeals council, and thus we must consider it in determining whether the ALJ's decision is supported by substantial evidence. *See Richmond v. Shalala,* 23 F.3d 1441, 1444 (8th Cir.1994). The new evidence consists of an occupational therapist's work tolerance assessment of Frankl's RFC which concludes that Frankl was not able to perform the full range of light work because he was unable to meet the standing and walking requirements of that category. The appeals council gave little weight to this nonmedical work tolerance assessment, concluding that the evidence was not as probative as the medical evidence in the record. *See* 20 C.F.R. § 404.1513. Although not as probative as medical evidence, we note that the only medical evidence contradicting this assessment is found in records from August and September 1990 when Frankl was recovering well from surgery and was able to walk two miles without pain or fatigue. Subsequent medical records consistently report complaints of fatigue and are silent as to Frankl's level of activity.

The occupational therapist's work tolerance assessment corroborates the hearing testimony of Frankl, his wife, and their lessee concerning the current extent of Frankl's fatigue. It also corroborates the conclusory affidavits of Frankl's physicians which state that Frankl's physical limitations prevent him from working. Although not itself determinative of disability and not entitled to controlling weight, this examining nonmedical source RFC assessment serves to highlight the Secretary's correlating failure to submit any such evidence to meet her burden of establishing Frankl's RFC at the time of the hearing.

■ We conclude that the Secretary failed to meet her burden to demonstrate that Frankl retained the RFC to perform the full range of light work. We also conclude that the ALJ improperly relied on the August and September 1990 medical progress notes to discredit Frankl's complaints of fatigue to the exclusion of subsequent medical, nonmed-

ical, and testimonial evidence that was consistent with Frankl's complaints of fatigue at the time of the hearing, over a year later. *See Morse v. Shalala,* 32 F.3d 1228, 1230–31 (8th Cir.1994) (reversing a finding of not disabled where the ALJ relied on an old medical report and gave no weight to subsequent supporting evidence, including the treating physician's progress notes that indicated continued pain consistent with the claimant's subjective complaints). The claimant "is entitled to a fair evaluation of [his] capabilities," *O'Leary v. Schweiker,* 710 F.2d 1334, 1342 (8th Cir.1983), and the "ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work history, and observations by third parties and treating and examining physicians." *Morse,* 32 F.3d at 1230 (quotation omitted).

Because the ALJ improperly discredited Frankl's complaints of fatigue, the ALJ did not pose a hypothetical question to the vocational expert which accurately reflected Frankl's capabilities. The vocational expert testified that a person suffering from *all* of Frankl's subjective complaints and limitations would not be capable of performing any jobs in the category of light work. The ALJ did not ask the vocational expert a hypothetical question that credited only Frankl's subjective complaints of fatigue. Therefore, we must remand for further proceedings to determine what work, if any, Frankl was capable of performing at the time of the hearing.

### III. Conclusion

We reverse the decision of the district court granting summary judgment to the Secretary, and we remand this case to the Secretary for further proceedings consistent with this opinion.[3]

---

3. We note that, on the basis of a subsequent claim for benefits, Frankl has been receiving social security disability benefits since January 1, 1994. Thus, benefits are in dispute under this application only through December 31, 1993.