_____

No. 95-3483
_____

Lawrence C. Anderson,              *
                                   *
          Appellant,               *
                                   *
     v.                            *   Appeal from the United States
                                   *   District Court for the
Shirley S. Chater, Commissioner    *   District of Minnesota.
of Social Security,                *
                                   *       [UNPUBLISHED]
          Appellee.                *


_____

          Submitted:   February 1, 1996

             Filed:   February 5, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Lawrence C. Anderson appeals from the final order entered in
the district court[1] affirming the decision of the Commissioner to
deny Anderson's application for disability insurance benefits.  For
the reasons set forth below, we affirm.


     Anderson was born in 1946, and had worked as, among other
things, a truck driver and heavy equipment operator.  In February
1993, he applied for benefits, alleging disability due to lower
back problems.  Anderson's application was denied initially and on
reconsideration.

_____

     [1]The Honorable Michael James Davis, United States District
Judge for the District of Minnesota, adopting the report and
recommendation of the Honorable Raymond L. Erickson, United States
Magistrate Judge for the District of Minnesota.

In July 1993, a hearing was held before an Administrative Law Judge (ALJ), at which Anderson expressly waived his right to representation. Anderson then testified that as a result of his exertional impairments he had steady lower back pain, that his impairment severely limited his functional capacity, and that he was actively seeking employment. A vocational expert also testified at the administrative hearing and stated that, while a claimant with Anderson's impairment could not perform his past relevant work, he nevertheless could perform a variety of sedentary exertional level work that provided for a sit/stand option and that existed in the local and national economy.

After analyzing Anderson's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ found Anderson's subjective complaints of disabling pain not fully credible and noted they were not supported by the objective medical evidence and were inconsistent with the record as a whole. The ALJ noted that Anderson's failure to lose weight--as recommended by his treating physician--and his claim he was seeking work were inconsistent with a finding of disability. The ALJ determined that, while Anderson was unable to perform his past relevant work, his impairment did not meet or equal any listed impairment, and that Anderson retained the residual functional capacity to perform a significant number of jobs that existed within the local and national economy. The Appeals Council denied further review, and Anderson sought judicial review. The district court concluded there was substantial evidence to support the Commissioner's decision and granted the Commissioner's motion for summary judgment.

This court's task is limited to a determination of whether the Commissioner's decision is supported by substantial evidence in the record as a whole. See Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995). After a careful review of the record, we conclude the

-2-

ALJ considered all the relevant evidence and properly discredited Anderson's testimony regarding his subjective complaints of pain. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987) (standard to determine whether ALJ properly discredited claimant's subjective complaints of pain). The record indicates that Anderson only took Advil to relieve his discomfort; that he sought only conservative treatment; that he failed to lose weight; and that the degree of pain Anderson complained of was inconsistent with the evidence as a whole--including the observations of Anderson's treating physicians. See House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994) (pain controlled by Tylenol and ability to perform variety of daily activities inconsistent with complaints of disabling pain); Nelson v. Sullivan, 966 F.2d 363, 367 (8th Cir. 1992) (ALJ properly discounted claimant's subjective complaints of pain where claimant failed to follow doctor's instructions to lose weight in order to alleviate symptoms); Robinson v. Sullivan, 956 F.2d 836, 839-40 (8th Cir. 1992) (subjective complaints of pain may be discounted if there are inconsistencies in the evidence as a whole); Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988) (failure to seek aggressive treatment and limited use of prescription medications not suggestive of disabling back pain); Benskin, 830 F.2d at 884.

We conclude the hypothetical question the ALJ posed to the VE was proper because it set forth all the limitations which the ALJ accepted as true and were supported by the record. See Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994); Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991). We also conclude that the record supports the determination that Anderson retained the residual functional capacity to work, and that the Commissioner--through the testimony of the VE--showed that there were jobs that Anderson could perform given his residual functional capacity. See Frankl v. Shalala, 47 F.3d 935, 937 (8th Cir. 1995). Moreover, Anderson's testimony--that he was aggressively seeking employment-- is inconsistent with a finding of disability. See Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir. 1994).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.