USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1193 ALBERTO NAZARIO, Plaintiff, Appellant, v. HHS, COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Salvador Medina De La Cruz on brief for appellant. __________________________ Guillermo Gil, United States Attorney, Lilliam Mendoza-Toro, ______________ _____________________ Assistant United States Attorney, and Wayne G. Lewis, Assistant ________________ Regional Counsel, Social Security Administration, on brief for appellee. ____________________ October 29, 1997 ____________________ Per Curiam. Alberto Nazario appeals from the ___________ district court's judgment upholding the denial of his application for Social Security disability benefits by the Commissioner of Social Security. After a careful review of the record, we affirm. In this opinion, we address only the specific claims of error raised by Nazario on appeal.  Nazario contends, first, that the Commissioner should have found him to be disabled on the ground that his medical findings were "equal to" to the findings described in Listings 4.02B and 6.02C. We find his contention unpersuasive, however, because he does not describe -- and the record does not disclose -- findings pertinent to each criterion of those Listings. See Marciniak v. Shalala, 49 ___ _________ _______ F.3d 1350, 1353 (8th Cir. 1995) (a disability claimant's failure to show medical findings equivalent to all of the ___ Listings criteria defeats a claim of medical equivalence) (citing Sullivan v. Zebley, 493 U.S. 521, 530 (1990)). ________ ______ Next, Nazario challenges the Commissioner's determination that he could perform light exertional work despite his impairments. In particular, he claims that the functional assessments relied on by the Commissioner were not substantial evidence in support of that determination because they did not take into account the results of a subsequent kidney biopsy report and because some of them were rendered by nonexamining physicians. He also suggests that the -2- Commissioner could not determine how serious his impairments were because certain medical records contained illegible entries. We conclude that these claims lack merit.  It is true that a residual functional capacity assessment which does not consider the full medical record may not constitute substantial evidence. See Frankl v. ___ ______ Shalala, 47 F.3d 935, 938 (8th Cir. 1995) (an agency residual _______ functional capacity form which was not based on the full medical record was not substantial evidence). Here, however, the biopsy report itself stated that the preoperative and postoperative diagnoses were the "same," and subsequent progress notes showed no change in Nazario's renal insufficiency, which was characterized as "stable." Given the lack of change in Nazario's diagnosis and overall kidney condition, the functional assessments in the record retained validity and so constituted substantial evidence in support of the Commissioner's decision that Nazario was not disabled. See Gordils v. Secretary of Health and Human Services, 921 ___ _______ _______________________________________ F.2d 327, 330 (1st Cir. 1990) (per curiam) (taken together, the results of a physical examination of the claimant and a functional assessment made four months before the examination ______ constituted substantial evidence in support of the denial of disability benefits since the examination showed no objective evidence of a disabling medical impairment).  -3- Moreover, we have declined to rule absolutely that the opinions of nonexamining physicians cannot constitute substantial evidence. See Rose v. Shalala, 34 F.3d 13, 18 ___ ____ _______ (1st Cir. 1994). Together with the supporting functional assessment by a consulting, examining physician and supporting medical evidence in the record, the nonexamining physicians' opinions in this case constituted substantial evidence in support of the Commissioner's determination. See ___ Gordils, supra. Furthermore, the medical record overall was _______ _____ legible and adequately disclosed the status of Nazario's various physical impairments, and so there is no need for a remand. Compare Manso-Pizarro v. Secretary of Health and _______ _____________ _________________________ Human Services, 76 F.3d 15, 17 (1st Cir. 1996) (per curiam) ______________ (remanding a case in which "non-trivial" parts of the medical record were illegible).  Finally, given his nonexertional limitations (in particular, an anxiety disorder), Nazario objects to the Commissioner's reliance on the Grid to show that there was work in the economy which he could perform despite his exertional limitations. Because there is substantial evidence in the record that his nonexertional limitations would not significantly affect his ability to perform the full range of light work, we conclude that the Commissioner could rely on the Grid to support her determination that Nazario was not disabled. See Heggarty v. Sullivan, 947 F.2d ___ ________ ________ -4- 990, 996 (1st Cir. 1991) (per curiam) (the Grid may be relied on if the claimant's nonexertional impairment does not "significantly" affect his or her ability to perform the full range of jobs at the appropriate exertional level) (citation omitted). Affirmed. _________ -5-