# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1402

———————

Leonard Chamberlain,                     *
                                    *

        Appellant,           *
                                      *    Appeal from the United States
  v.                          *    District Court for the
                                      *    Eastern District of Arkansas.

Kenneth S. Apfel, Commissioner,   *
Social Security Administration,     *      [UNPUBLISHED]
                                      *

        Appellee.            *

———————

Submitted: July 29, 1999
Filed: August 18, 1999

———————

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Leonard Chamberlain appeals the district court's[1] grant of summary judgment affirming the Commissioner's decision to deny him disability insurance benefits and supplemental security income. For reversal, Chamberlain argues that the administrative law judge (ALJ) improperly discounted his subjective complaints of pain and the testimony of his chiropractor, and should have called a vocational expert.

———————

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Upon careful review of the record, we conclude that the ALJ's findings are supported by substantial evidence on the record as a whole. The ALJ made express credibility findings, noting inconsistencies and reasons for discrediting Chamberlain's subjective complaints of pain to the extent alleged. See Baker v. Apfel, 159 F.3d 1140, 1144 (8th Cir. 1998). The ALJ properly considered the opinion of Chamberlain's chiropractor as an aid to understanding how Chamberlain's impairments affected his ability to work and not as an acceptable source of medical information to prove disability; and properly discounted the chiropractor's opinion, noting discrepancies between his diagnosis and the results of diagnostic tests. See 20 C.F.R. § 404.1513(a), (e) (1998) (acceptable medical sources include licensed physicians; chiropractors may help to understand how impairment affects claimant's ability to work); cf. Prince v. Bowen, 894 F.2d 283, 285 (8th Cir. 1990) (treating physician's opinion may be set aside only if persuasive conflicting evidence exists). It was proper for the ALJ to accept the consulting physician's medical diagnosis and residual-functional-capacity findings, because they did not contradict those of the treating medical physicians and were supported by diagnostic test results and Chamberlain's level of activity. See Smallwood v. Chater, 65 F.3d 87, 89 (8th Cir. 1995) (residual-functional-capacity assessments of nontreating physicians can constitute substantial evidence). Because the ALJ determined, based on the consulting physician's assessment, that Chamberlain could perform his past relevant work, the testimony of a vocational expert was not required. See Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir. 1994). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.