Clara B. ANDERSON, Appellant,

v.

Donna E. SHALALA, Secretary, Department of Health and Human Services, Appellee.

No. 94–2896.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1995.

Decided April 6, 1995.

162; *see also* 2A Austin W. Scott & William F. Fratcher, *The Law of Trusts* § 156 (4th ed. 1989).

Robert W. Pratt, Des Moines, IA, for appellant.

Gary L. Hayward, Des Moines, IA, for appellee.

Before WOLLMAN, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.

WOLLMAN, Circuit Judge.

Clara B. Anderson appeals from the district court's[1] order affirming the decision of the Secretary of Health and Human Services to deny Anderson supplemental security income and disability insurance benefits. We affirm.

## I.

Anderson filed her applications for benefits on April 25, 1991, alleging that she became disabled on July 24, 1988, as a result of back and hip problems. The Social Security Administration denied Anderson's applications initially and on reconsideration, whereupon she sought a hearing before an administrative law judge ("ALJ").

Anderson last worked as a dispatcher for a trucking company. She has other relevant work experience as a transportation manager and office manager. Anderson was 42 years old at the time of her August 4, 1992, hearing. In a lengthy, comprehensive opinion, the ALJ determined that although Anderson had demonstrated her inability to return to her past relevant work, the Secretary had met her burden of establishing the existence of other work that Anderson could perform.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Accordingly, the ALJ ruled that Anderson was not entitled to benefits. The Appeals Council subsequently denied review, and Anderson filed the instant complaint seeking judicial review.

Anderson has a lengthy history of medical treatment, but the afflictions relevant to this appeal began with an automobile accident in 1985 in which Anderson injured her back and neck. Anderson underwent neck surgery in March 1986 and returned to work. She reinjured herself at work, however, and has not worked since her alleged onset date. After a number of rehabilitative setbacks, Anderson was diagnosed with degenerative disc disease and underwent back surgery in 1989. She subsequently underwent cervical fusion procedures in September 1990 and January 1991.

Throughout 1990 and 1991, Anderson made a substantial number of trips to the hospital complaining about pervasive headaches, hip pain, numbness in her arms, depression, and other ailments. She received substantial numbers of injections of steroids and pain killers; so much so that her physicians noted that she displayed drug-seeking behavior and had a possible substance abuse problem.

In July 1991, a consultative psychiatric evaluation showed that Anderson suffers from a histrionic personality disorder but that this posed only a slight impairment on her lifestyle and ability to function. In December 1991, Anderson was diagnosed as having a depressive or somatoform disorder. She was treated on a monthly basis from February through June 1992, when she reported being much happier. The medical evidence indicates that Anderson's depression was well controlled with appropriate medication.

## II.

Anderson contends that the Secretary's denial of benefits is not supported by substantial evidence on the record as a whole. Anderson also argues that the ALJ failed to properly shift the burden of proof to the Secretary to show that Anderson retained the residual functional capacity ("RFC") to perform any work. Essentially, Anderson claims that because the Secretary failed to produce additional medical evidence of Anderson's RFC, the Secretary failed to meet her burden.

The Secretary counters that Anderson's RFC was established at the same time as the determination of her inability to perform her past relevant work. Therefore, the Secretary claims that no additional evidence must be adduced supporting Anderson's RFC apart from that already in the record. It was the ALJ's responsibility to determine Anderson's RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and Anderson's own description of her limitations. 20 C.F.R. §§ 404.1545–46, 416.945–46. We must determine whether the record presents medical evidence of Anderson's RFC at the time of the hearing. *Frankl v. Shalala*, 47 F.3d 935, 937–38 (8th Cir.1995). If there is no such evidence, the ALJ's decision "cannot be said to be supported by substantial evidence." *Id.*

The need for medical evidence, however, does not require the Secretary to produce additional evidence not already within the record. "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir.1994). Anderson challenges the ALJ's reliance on the opinions of two reviewing physicians who found no disability. Although it is true that the opinion of a reviewing physician alone does not constitute substantial evidence, *see Brock v. Secretary of Health and Human Services*, 791 F.2d 112, 114 (8th Cir.1986), the ALJ did not rely solely on the reviewing physicians in this case. The ALJ also conducted an independent analysis of the medical evidence. Unlike in *Frankl*, where there was "no medical evidence of [the claimant's] RFC at the time of the hearing," 47 F.3d at 937, we find substantial evidence to support the ALJ's determination that Anderson retained the capacity to perform a number of jobs, such as bench assembler, marker or labeler, and inspector.

■ Consistent medical evidence showing no muscle atrophy in Anderson's back or legs, good reflexes, and the lack of any neurological problems supports the ALJ's decision. In June of 1989, an examination showed Anderson's spine to be within normal limits. Anderson had a lumbar fusion in October of 1989, but by December of that year stated that she felt no pain. An MRI in July 1990 showed mild degeneration and disc protrusion, but nothing so extensive as to support a claim of disability. Further, in November 1990, Anderson felt "wonderful" and experienced no pain in her back. This accords with the objective evidence that her back problems had improved greatly. Anderson's x-rays looked good in January 1991, and she exhibited good flexibility in April of that same year despite her allegations of pain. A July 1991 consultative examination further noted that Anderson faced no work related restrictions. Indeed, no treating physician ever indicated that Anderson was unable to work for any 12–month period within the time encompassed by her alleged disability. Moreover, the repeated indications that Anderson seeks medication and medical treatment without cause also tend to vitiate her claims of disability by casting a cloud of doubt over the legitimacy of her numerous trips to the hospital. This drug-seeking behavior was not so pervasive, however, as to affect her work capabilities and give rise to a claim of disability in itself. Anderson's psychological problems also posed only a slight inhibition on her lifestyle and ability to function.

■ Anderson further contends that the ALJ ignored the opinions of her treating physicians in discrediting her subjective complaints of pain. The ALJ, however, did not discredit the objective evaluations of Anderson's physical condition; rather, he merely discredited the physicians' notations of Anderson's complaints of pain based on his extensive findings of the inconsistencies in the record. We note that Anderson did not allege disabling headaches in her application for benefits. Also, in early 1991 Anderson claimed to be free of back pain, which is inconsistent with her current allegations of disabling pain during this period. *See Stephens v. Shalala*, 46 F.3d 37, 38 (8th Cir.

1995) (per curiam) (discrediting later allegations of back pain when no complaints made about such pain while receiving other treatment). Further, she failed to comply with her prescribed exercise regimen and failed to show up for a number of scheduled appointments relating to both her physical and mental health. Anderson also journeyed on a several thousand mile truck trip with her husband in the summer of 1992, a fact that did little to enhance the credibility of her claim that her daily activities were so restricted that she could not sit for more than an hour at a time without severe pain in her neck and back and possibly in her hip and shoulder as well. There are also inconsistencies in the record as to what Anderson attributed as the cause of her injuries in her explanations to physicians. As previously mentioned, her drug-seeking behavior further discredits her allegations of disabling pain.

■ The lack of credit given to Anderson's subjective complaints of pain, the reports of the reviewing physicians, and the medical evidence in the record indicating that Anderson's injuries had significantly healed provide substantial evidence on the record as a whole to support the denial of benefits.

The judgment is affirmed.