# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3886

_____

| | |
|---|---|
| Marilyn Gail Burdette, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Kenneth S. Apfel, Commissioner, | * |
| Social Security Administration, | * [UNPUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted: September 20, 2000

Filed: September 25, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Marilyn Burdette appeals the District Court's[1] order affirming the Commissioner's decision to deny her application for disability insurance benefits. Having carefully reviewed the record, see Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Ms. Burdette applied for benefits in February 1996, alleging disability since February 1994 from pain and stiffness in her back, left arm, and neck. After her applications were denied initially and upon reconsideration, a hearing was held before an administrative law judge (ALJ). At the hearing, the ALJ posed a hypothetical to a vocational expert (VE) describing a claimant of Ms. Burdette's age, education, and work experience, who could lift ten pounds frequently and twenty pounds occasionally, sit or stand for thirty to forty minutes before needing to change positions, and walk short distances. The VE responded that such a claimant could perform Ms. Burdette's past relevant work (PRW) as a security dispatcher, office operator, and general clerk (as typically performed)--all skilled or semi-skilled light jobs. After the hearing, the ALJ concluded that Ms. Burdette was not disabled, as she could perform the PRW identified by the VE.

On appeal Ms. Burdette first argues that the ALJ failed to analyze her testimony properly under Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). We disagree. The ALJ specifically noted the Polaski factors before giving his reasons for discrediting Ms. Burdette's subjective complaints of pain to the extent alleged. See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999) (court will not disturb decision of ALJ who considers, but for good cause expressly discredits, claimant's subjective complaints of pain); Brown v. Chater, 87 F.3d 963, 965-66 (8th Cir. 1996) (ALJ properly discounted claimant's subjective complaints even after acknowledging impressive work history; although claimant's daily activities demonstrated some limitations, ALJ did not have to believe all of claimant's assertions concerning them).

Ms. Burdette next contends that the ALJ improperly discounted the opinions of two chiropractors and a consulting psychologist. This argument also fails. The chiropractors provided no reasons for their opinions as to Ms. Burdette's disability status, and one of them expressly declined to address her residual functional capacity (RFC). See 20 C.F.R. § 404.1513 (a) & (e) (2000) (chiropractors are not acceptable medical sources, but may help to understand how claimant's impairment affects her

ability to work); cf. Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995) (weight given to treating physician's opinion is limited if it consists only of conclusory statements). The ALJ also was not required to adopt the opinion of the consulting psychologist, whose conclusions were based on a one-time interview and forms completed by Ms. Burdette. See Kelley v. Callahan, 133 F. 3d 583, 589 (8th Cir. 1998). Further, Ms. Burdette had neither sought treatment for her alleged mental impairment nor alleged it as a basis for her disability prior to the hearing. See Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993).

Finally, Ms. Burdette asserts that the ALJ failed to specify the basis for his RFC findings and to compare the demands of her PRW with her RFC. We find that the ALJ established her RFC based on medical records, Ms. Burdette's description of her limitations, and the observations of her treating physicians, as required. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). And although he was not required to do so, the ALJ called the VE, and then properly relied on him to compare the demands of Ms. Burdette's PRW with her RFC. See Pfitzner v. Apfel, 169 F.3d 566, 568 (8th Cir. 1999) (discussing proper PRW analysis).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-