# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3675

_____

| | | |
|---|---|---|
| Joyce M. Clinkscale, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| JoAnne B. Barnhart, Commissioner of | * | **[UNPUBLISHED]** |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 22, 2002
Filed: April 29, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Joyce M. Clinkscale applied for Social Security disability insurance benefits, alleging disability since September 1997 from carpal tunnel syndrome surgery; severe pain in her hands, wrists, arms, shoulders, neck, and chest; finger numbness; and wrist swelling. After two administrative hearings, an administrative law judge (ALJ) denied her application, finding that Clinkscale could not perform her past relevant work but could perform jobs a vocational expert (VE) identified in response to the

ALJ's work hypothetical. Clinkscale appeals the district court's[1] order affirming the denial of benefits. After careful review, we conclude that substantial evidence in the administrative record supports the Commissioner's decision and therefore affirm. See Roberts v. Apfel, 222 F.3d 466, 468 (8th Cir. 2000) (standard of review).

Clinkscale argues the ALJ ignored evidence of fibromyalgia. We disagree. The ALJ included fibromyalgia as one of her severe impairments, and the medical evidence did not establish that the condition was disabling. Clinkscale further argues the ALJ failed to consider each of the factors listed in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ need not methodically discuss each Polaksi factor, however, as long as the factors are acknowledged and examined. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). The ALJ's credibility findings were adequately explained and supported. Finally, Clinkscale challenges the ALJ's residual-functional-capacity (RFC) findings and his hypothetical to the VE. The RFC findings were consistent with limitations recommended by an occupational health physician and a rehabilitation specialist, respectively. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). The ALJ's hypothetical properly included the impairments that were supported by substantial evidence and accepted as true by ALJ, see Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001), and the VE's response provided substantial evidence that Clinkscale was not disabled, see Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE WILLIAM A. KNOX, United States Magistrate Judge for the Western District of Missouri.