# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3207

_____

Emmitt John Trombley,                                    *
                                                         *
        Appellant,                         *
                                                         *     Appeal from the United States
    v.                                           *     District Court for the District
                                                         *     of Minnesota.
Jo Anne B. Barnhart, Commissioner of                     *
Social Security,                                         *           [UNPUBLISHED]
                                                         *
        Appellee.                          *

_____

Submitted:  April 15, 2003

Filed:  April 28, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

     Emmitt John Trombley appeals the district court's[1] order affirming the denial of disability insurance benefits. Having carefully reviewed the record, see Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000) (substantial-evidence standard of

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

review; reviewing court may not reverse merely because substantial evidence would also support opposite decision), we affirm.

In documents related to his October 1996 application, Mr. Trombley alleged disability since October 1990 from reactive airway disease, stomach problems, and neck, back, and thumb injuries. After an administrative hearing--which included testimony from a vocational expert (VE), a medical expert, and psychologist Phillip Haber--the administrative law judge (ALJ) found that Mr. Trombley could not perform his past relevant work, but he could perform jobs the VE had identified in response to the ALJ's hypothetical.

Mr. Trombley argues that the ALJ failed to give proper weight to certain residual-functional-capacity (RFC) findings of Dr. Mark Millis, his treating family physician, and Dr. Haber, who saw him on three occasions and conducted testing. However, the ALJ adequately explained and supported his determination that these opinions were not entitled to deference. See Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001) (treating physician's opinion will be given controlling weight if well supported by medically acceptable diagnostic techniques, and consistent with other substantial evidence); Johnson v. Chater, 87 F.3d 1015, 1018 (8th Cir. 1996) (treating physician's opinion that is itself inconsistent should be given less deference).

Mr. Trombley further complains that the ALJ did not conduct the analysis required by Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), in discrediting his subjective complaints of pain. We disagree. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (ALJ need not discuss methodically each Polaski factor if factors are acknowledged and examined; where adequately explained and supported, credibility findings are for ALJ to make); cf. Easter v. Bowen, 867 F.2d 1128, 1129-31 (8th Cir. 1989) (ALJ gave insufficient weight to mental disorder that caused

distorted perception of physical ailments, where claimant had undergone long-term psychiatric treatment and psychiatrist opined she could not work).

Finally, Mr. Trombley challenges the ALJ's RFC findings and the hypothetical. These challenges also fail, because the ALJ properly discounted the opinions of Drs. Millis and Haber and properly discredited Mr. Trombley, and the RFC findings are supported by the substantial evidence upon which the ALJ relied. See Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999) (hypothetical is sufficient if it sets forth impairments that ALJ accepts as true and are supported by record as whole; VE's testimony based on properly phrased hypothetical constitutes substantial evidence); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (ALJ is to determine RFC based on medical records, observations of treating physicians and others, and claimant's description of his limitations).

The multiple sub-arguments Mr. Trombley raises also provide no basis for reversal. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.