# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4118

_____

Danny N. Depover,

        Appellant,

        v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

        Appellee.

Appeal from the United States
District Court for the
Southern District of Iowa.

_____

Submitted:   May 14, 2003

Filed:   November 14, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Danny Depover applied for disability insurance benefits based on a back injury and related surgery, visual limitations, and high blood pressure. The Social Security Administration denied his application initially and on reconsideration. After holding a hearing, an administrative law judge (ALJ) determined that Mr. Depover was not disabled, and the Social Security Appeals Council denied his request for review. The

district court[1] upheld the administrative decision, and Mr. Depover appealed to this court. We affirm.

On appeal, Mr. Depover contends that the ALJ did not adequately support his finding that Mr. Depover's complaints of back pain were "not fully credible," failed to make sufficient findings regarding his residual functional capacity (RFC), and submitted an inadequate hypothetical question to a vocational expert. We review the district court's decision to uphold the denial of social security benefits *de novo*. *See Pettit v. Apfel*, 218 F.3d 901, 902 (8th Cir. 2000). When reviewing the ALJ's decision to deny benefits, we consider legal issues *de novo*, and we determine whether the ALJ's factual findings are supported by substantial evidence in the record as a whole. *See Curran-Kicksey v. Barnhart*, 315 F.3d 964, 966 (8th Cir. 2003).

I.

The ALJ must follow a five-step process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The present controversy centers on the fourth step, at which the burden was on Mr. Depover to show that he could not perform his past relevant work, *Terrell v. Apfel*, 147 F.3d 659, 661 (8th Cir. 1998). The ALJ determined that Mr. Depover was able to return to his past relevant work as a sporting goods sales clerk or a cashier/checker and was therefore not entitled to benefits.

To reach his decision, the ALJ was required to assess Mr. Depover's RFC, *see* 20 C.F.R. § 404.1520(e), which is defined as "the most [a claimant] can still do despite" his or her "physical or mental limitations," *see* 20 C.F.R. § 404.1545(a). The RFC "is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." S.S.R. 96-8p, 1996

---

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

WL 374184, at *3 (Soc. Sec. Admin. July 2, 1996). Here the "relevant evidence" included Mr. Depover's own description of his pain and limitations, *see Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir.1995), which the ALJ considered and found not to be fully credible.

In *Polaski v. Heckler*, 739 F.2d 1320, 1321 (8th Cir.1984), we set out principles for "evaluating [a claimant's] pain and other subjective complaints": The ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them" or "solely on the basis of personal observations," but these considerations may be taken into account and "[s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Id.* at 1322 (emphasis omitted). An ALJ should consider all the relevant evidence, including the claimant's work record, and observations by third parties and doctors relating to daily activities, the duration, frequency, and intensity of the pain, precipitating and aggravating factors, dosage, effectiveness, and side effects of medication, and functional restrictions. *Id.* Here, the ALJ adverted to the holding in *Polaski*, and found that Mr. Depover's complaints of severe back pain were inconsistent with, *inter alia*, his lack of pain medication, the work that he performed during his alleged period of disability, and his medical treatment history, including the fact that his physicians released him to return to work.

Mr. Depover challenges the ALJ's finding that he did not request pain medication until December, 1999, and then did so not for back pain but because of a mass in his leg. The failure to request pain medication is an appropriate consideration when assessing the credibility of a claimant's complaints of pain. *See Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir.1994). Although Mr. Depover asserts in his brief that the "record is replete with evidence of his use of pain medication," some of the pages in the record that he relies on do not refer to medication, and those that do relate to events before Mr. Depover's November, 1997, back surgery, after which he reported significant improvement.

In April, 1998, Mr. Depover's surgeon reported that he did not take any pain medication, and the next month the doctor stated that Mr. Depover "takes no routine medications." About a year later Mr. Depover returned to the surgeon, and his notes again reflect that the claimant "takes no pain medication." The next month when Mr. Depover applied for social security disability benefits, he answered "no" when asked on a form whether he was taking any medications for his injury. Having reviewed the entire record, we believe that the ALJ could have reasonably concluded that after his November, 1997, back surgery Mr. Depover did not seek pain medication until December, 1999, when he had pain caused by a mass in his leg. We also think that it was reasonable for the ALJ to consider the fact that no medical records during this time period mention Mr. Depover having side effects from any medication.

Mr. Depover worked for Swiss Colony filling orders in its warehouse for several months in 1998, and the ALJ characterized this work as "substantial gainful activity" during his period of alleged disability that was inconsistent with his subjective complaints. Mr. Depover, however, relies on 20 C.F.R. § 404.1574(c)(3), to argue that the employment should have been considered "an unsuccessful work attempt" because it lasted less than three months and he "stopped working ... because of [his] impairment," *id.* Although the job lasted only three months, or so, we nevertheless find that there was substantial evidence to support the ALJ's finding that Mr. Depover left that job not because of his disability, but because the work was seasonal and the season ended. For example, on a social security form dated June, 1999, Mr. Depover himself stated that he worked for Swiss Colony from October, 1998, until December, 1998, or January, 1999, five days a week, eight hours per day, and the job ended because it was "seasonal work." Since the evidence supports a finding that Mr. Depover left because the job ended, we believe that it was not unreasonable for the ALJ to find that this work "suggests that his impairments are not as severe as alleged."

Finally, the ALJ relied on the medical opinions and notes in the record to support his conclusion that Mr. Depover's pain, although present to some degree, did not prevent him from working. As the ALJ found, "[n]one of the physicians involved in [Mr. Depover's] treatment have offered an opinion that the claimant is disabled or made any statement or recommendation that he would be unable to work at a substantial gainful level." With respect to his back injury, his surgeon released him to return to a light duty job with no lifting over forty pounds, no repeated lifting over thirty pounds, and no repeated bending. Having carefully reviewed the record and the ALJ's decision, we reject Mr. Depover's contention that the ALJ did not properly analyze the credibility of his subjective complaints.

## II.

Mr. Depover also argues that the ALJ erred in failing to make a finding as to his residual capacity to sit, stand, and walk. The ALJ made the following findings regarding Mr. Depover's RFC:

> The medical evidence shows that the claimant is capable of lifting and carrying 40 pounds occasionally and 20 to 30 pounds frequently; he cannot repetitively bend, stoop, squat, kneel, or crawl and he cannot continuously climb; he must avoid work around moving machinery and heights; and he cannot perform work requiring full peripheral vision or depth perception.

As Mr. Depover notes, the RFC should "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in ... 20 C.F.R. § 404.1545[(b)]," which include "sitting, standing, [and] walking." *See* S.S.R. 96-8p, 1996 WL 374184, at *1. This ruling cautions that a failure to make the function-by-function assessment "could result in the adjudicator overlooking some of an individual's limitations or restrictions." *Id.* In *Pfitzner v. Apfel*, 169 F3d 566, 568-69 (8th Cir. 1999), we were unable to determine whether substantial evidence supported the ALJ's conclusion that

the claimant could return to his past relevant work because the ALJ's decision did not "specify the details" of the claimant's RFC, describing it "only in general terms."

Here, however, the ALJ did not simply describe the RFC in "general terms." He made explicit findings and, although we would have preferred that he had made specific findings as to sitting, standing, and walking, we do not believe that he overlooked those functions. We think instead that the record reflects that the ALJ implicitly found that Mr. Depover's was not limited in these areas: We note initially that all of the functions that the ALJ specifically addressed in the RFC were those in which he found a limitation, thus giving us some reason to believe that those functions that he omitted were those that were not limited. Furthermore, at the hearing, the ALJ first posed a hypothetical question to the vocational expert that included the RFC that he (the ALJ) found. After the expert concluded that Mr. Depover could perform his past relevant work as a sporting goods sales clerk or a cashier/checker, the ALJ asked him an alternative hypothetical question that included the limitations on sitting, standing, and walking to which Mr. Depover had testified at the hearing. We note, also, that in his decision the ALJ noted that Mr. Depover had testified that he could not do his past work because he could not stand for long periods. Therefore it appears to us that the ALJ did not simply overlook the possibility that Mr. Depover was limited with respect to sitting, standing, or walking when he stated his RFC. Having carefully reviewed the record, we believe that the ALJ implicitly found that Mr. Depover was not limited in these functions, and in this instance we do not see any reason to remand to make the findings explicit.

### III.

In his final point, Mr. Depover contends that the ALJ was required to refer to his capacity to sit, stand, and walk in the first hypothetical question that was posed to the vocational expert. But, as we have said, the ALJ implicitly found that Mr. Depover was not limited as to those functions, and therefore we think that the

hypothetical question was complete without a reference to them. The expert's response to the hypothetical question, as properly posed, supplied substantial evidence to support the ALJ's finding that Mr. Depover could return to his past relevant work as a sporting goods sales clerk or a cashier/checker. *Cf. Roe v. Chater*, 92 F.3d 672, 675 (8th Cir.1996).

## IV.

Accordingly, we affirm the judgment of the district court.

_____