# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1840
_____

| | |
|---|---|
| Kathy R. Caldwell, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Jo Anne B. Barnhart, Commissioner of | * |
| Social Security Administration, | * [UNPUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted:  December 22, 2003

Filed: December 30, 2003
_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Kathy R. Caldwell appeals the District Court's[1] order affirming the denial of supplemental security income.  Having carefully reviewed the record, see Mittlestedt v. Apfel, 204 F.3d 847, 850–51 (8th Cir. 2000) (noting standard of review), we affirm.

---

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

In her March 1996 application, Caldwell alleged disability since September 1995 from a back injury, fibromyalgia, chronic pain syndrome, and anemia. After an adverse agency decision and a remand by the District Court, a second administrative hearing was held at which a vocational expert (VE) testified. An administrative law judge (ALJ) then determined that, despite Caldwell's severe fibromyalgia and nonsevere depression, she could perform her past relevant work as a social aide or outreach worker. In the alternative, the ALJ concluded that she could perform jobs the VE had identified in response to a hypothetical the ALJ had posed.

We reject Caldwell's challenge to the ALJ's credibility findings. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (noting that, if "adequately explained and supported, credibility findings are for the ALJ to make"). We also reject her contention that the ALJ should have adopted the residual functional capacity (RFC) findings of her primary-care doctor Leslie McCoy, and of her chiropractor, Debbie Nelson, instead of the RFC findings of a consulting physician, Shan Bedi. The ALJ properly declined to adopt Dr. McCoy's findings because Dr. McCoy pointed to no specific medical findings to support her opinion that Caldwell could sit or stand only 20–30 minutes at a time. See Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001) (explaining that treating physician's opinion will be granted controlling weight if well supported by medically acceptable diagnostic techniques and if consistent with other substantial evidence in record). Further, the ALJ's RFC findings were for the most part consistent with those of Dr. Nelson, see 20 C.F.R. § 416.913(a), (d) (2003) (chiropractor is not acceptable medical source for establishment of impairment, but evidence from chiropractor may be considered to show severity of impairment and how impairment affects ability to work), and were more restrictive than those of Dr. Bedi. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (explaining that ALJ is to determine claimant's RFC after considering all relevant evidence). Because we agree that the ALJ's credibility and RFC findings were proper, Caldwell's challenge to the ALJ's hypothetical necessarily fails as well. See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001) (explaining that "hypothetical posed to the vocational expert

is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by ALJ").

Finally, we agree with the District Court that even if the ALJ's finding as to past relevant work conflicted with the District Court's remand order, it was at most harmless error, as the ALJ alternatively found that Caldwell could perform the jobs the VE identified as existing in the national economy. See Fastner v. Barnhart, 324 F.3d 981, 984 (8th Cir. 2003) (explaining five-step process); Steahr v. Apfel, 151 F.3d 1124, 1126 (8th Cir. 1998) (observing that district court's interpretation of its own remand order is entitled to deference, as it is best able to determine whether ALJ violated its mandate).

Accordingly, we affirm.

_____