# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4083

_____

| | | |
|---|---|---|
| Lynn J. Wright, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Jo Anne B. Barnhart, Commissioner, | * | District of Missouri. |
| Social Security Administration, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: May 14, 2004
Filed: August 3, 2004

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

This is an appeal from the order of the district court[1] upholding the denial of social security benefits to Lynn Wright by the Commissioner of Social Security, following a hearing before an administrative law judge (ALJ). We affirm.

Ms. Wright applied for disability insurance benefits under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and supplemental security income under

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Title XVI of the Act, *see* 42 U.S.C. §§ 1381-1383f. She argued that because of her depression, seizure disorder, and fibromyalgia she was entitled to benefits. An ALJ conducted a hearing and issued a written decision finding that Ms. Wright was not disabled for purposes of the Act. After the Commissioner of Social Security adopted the ALJ's decision, Ms. Wright commenced this suit. The district court upheld the decision, and this appeal followed.

On appeal from the district court, we review the ALJ's decision without granting any deference to the district court's determinations. *Depover v. Barnhart*, 349 F.3d 563, 565 (8th Cir. 2003). The scope of our review of the ALJ's decision is sharply limited. We will reverse only if the ALJ committed an error of law or if the ALJ's findings are not supported by substantial evidence in the record as a whole. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find adequate support for the conclusion. *See Oberst v. Shalala*, 2 F.3d 249, 250 (8th Cir. 1993). We will consider evidence that weighs against the ALJ's findings, but we do not act as a fact-finder. Nor may we overturn the ALJ's decision simply because "we might have weighed the evidence differently." *See Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).

In order to qualify as disabled under the Act, a person must have a physical or mental impairment that has lasted (or will last) twelve months and that prevents him or her from engaging in substantial gainful activity. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The sole issue at Ms. Wright's administrative hearing was whether she was disabled. The ALJ was persuaded that she suffered from both physical and mental impairments but found that her impairments did not prevent her from engaging in substantial gainful employment.

Ms. Wright claims that she suffers from three to eight petit mal seizures per week, which keep her from working. The ALJ, however, did not credit this claim. He found that the medical records indicated that Ms. Wright's seizure activity was

less severe than she claimed and that Ms. Wright's medication levels were below therapeutic levels. While the ALJ did find that Ms. Wright's condition precluded her from heavy lifting, operating dangerous machinery, or working from heights, and that she suffered from other physical limitations, he concluded that Ms. Wright's ailments and limitations did not preclude her from her previous gainful employment as a bartender, and therefore that she was not disabled under the Act.

Ms. Wright's sole argument on appeal is that the ALJ based this conclusion on the answer to an improper hypothetical question that he put to a vocational expert who testified at the hearing. The ALJ asked the expert whether a person with disabilities that the ALJ found that Ms. Wright suffered from would be capable of working as a bartender. The question, however, failed explicitly to mention Ms. Wright's seizure disorder. We have held that a hypothetical to a vocational expert that does not accurately set forth the petitioner's condition cannot furnish substantial evidence of the absence of a disability. *See, e.g., Mitchell v. Sullivan*, 925 F.2d 247, 249-50 (8th Cir. 1991). Such cases, however, are distinguishable, because the residual functional capacity that the ALJ attributed to Ms. Wright in the hypothetical was supported by substantial medical and other evidence that the ALJ had before him. We note, moreover, that the testimony of a vocational expert is not required to establish that a claimant can return to her former work. *Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir. 2001).

Discerning no error, we affirm.

_____