# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-1180

_____

Tabitha Regina Cain

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: August 15, 2022
Filed: September 6, 2022
[Unpublished]

_____

Before LOKEN, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Tabitha Cain appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We agree with the

_____

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred to by consent of the parties, 28 U.S.C. § 636(c).

district court that substantial evidence in the record as a whole supports the adverse decision. See Kraus v. Saul, 988 F.3d 1019, 1023-24 (8th Cir. 2021) (standard of review).

Specifically, we conclude that (1) the administrative law judge (ALJ) did not err in finding Cain's visual and mental impairments non-severe, see Kirby v. Astrue, 500 F.3d 705, 708-09 (8th Cir. 2007) (substantial evidence supported finding that claimant did not have severe mental impairment, as he did not initially allege disability due to mental illness, medical evidence was contradictory, and he had no long-term mental health treatment); (2) the RFC determination was supported by substantial evidence, including the diagnostic imaging and testing results, the findings on physical examination, and the state agency consultants' opinions, see Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (substantial evidence supported RFC determination based on opinions of 2 reviewing physicians and ALJ's independent analysis of medical evidence); and (3) the ALJ did not err by failing to obtain opinion evidence from an unspecified treating physician, see Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016) (there is no requirement that RFC finding be supported by specific medical opinion; when medical record is adequately developed, ALJ is not required to seek opinion from treating physician). The district court is affirmed, see 8th Cir. R. 47B.

_____